# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| MONTE SMITH | CIVIL ACTION NO. 05-1076-M |
| VS. | SECTION P |
| STATE OF LOUISIANA, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. §1983) of pro se plaintiff Monte Smith, filed on June 17, 2005. Smith is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is presently incarcerated at the Morehouse Parish Detention Center, Collinston, Louisiana. He claims that his right to due process was violated by the defendants who denied him bail following his arrest on charges of aggravated battery and witness intimidation on June 25, 2002. He names the State of Louisiana and Fourth Judicial District Attorney Jerry Jones and his Assistant District Attorney Charles Brumfield as defendants and seeks his immediate release and compensation for the time he has wrongfully spent in custody.

## STATEMENT OF THE CASE

Plaintiff was arrested and charged with aggravated battery and witness intimidation on June 25, 2002. He claims that he did not receive a contradictory hearing within five days of his arrest and that at a hearing held within seventy-two hours of his arrest, Assistant District Attorney Brumfield advised some unidentified judge that Judge Sharp ordered that plaintiff be held without bail.

Thereafter, on August 12, 2002, plaintiff pled guilty. He claims that he pled "...to get out

1

of jail, not because of guilt..."

## **LAW AND ANALYSIS**

1. *Habeas* Claims

To the extent that plaintiff seeks his immediate release from incarceration, he is advised that such relief is not available by way of a civil rights action. See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d at 820. "[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

To the extent that plaintiff complains he has been unlawfully imprisoned pursuant to false charges, he is raising claims which challenge the validity of criminal proceedings. See *Calderon v. Ashmus*, 523 U.S. 740, 747, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the *habeas* sections of Title 28 of the United States Code."); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*").

Because plaintiff attacks a state court conviction, his habeas petition arises under the provisions of 28 U.S.C. § 2254 which states, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
> 28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v.*

*Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom*. Skelton v. Smith, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

In Louisiana, the highest state court is the Louisiana Supreme Court.

Petitioner has not presented his federal *habeas* claims to the courts of Louisiana. A search of the presumptively reliable published jurisprudence of the State of Louisiana reveals no litigation involving the plaintiff after his August 12, 2002, conviction. Therefore, it is clear that the Louisiana courts have not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims.

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated by plaintiff), he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Further, the federal *habeas corpus* statutes impose a one-year statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d). This provision is

applicable to any subsequent petition that petitioner files in this court. Petitioner is advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Moreover, since the present petition raises <u>only unexhausted claims</u>, the court need not address the stay and abeyance of mixed *habeas* petitions recently addressed by the Supreme Court in *Rhines v. Weber*, --- U.S. ----, 125 S.Ct. 1528, --- L.Ed.2d---- (Mar. 30, 2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

## 2. Civil Rights Claim

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss such prisoner suits as frivolous based upon the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has provided a detailed description of his claims; the undersigned concludes that plaintiff has pled his best case and that the matter is susceptible of resolution.

Any claim for monetary damages against District Attorney Jones and Assistant District Attorney Brumfield is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against the District Attorney and the Assistant District Attorney is based on their roles as prosecutors in the proceedings leading to plaintiff's conviction on charges of aggravated battery and witness intimidation. Because the above conduct was taken in these defendants' roles as the State's advocate, both are entitled to absolute prosecutorial immunity. See *Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

To the extent that plaintiff seeks to recover money damages from the State of Louisiana,

his complaint must also be dismissed because of the doctrine of sovereign immunity.

Sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution. *Alden v. Maine*, 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). The presupposition or concept of state sovereign immunity "has two parts: first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 634, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999)(quoting *Hans v. Louisiana* 134 U.S. 1, 13, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).

Although a state may waive its Eleventh Amendment sovereign immunity, the State of Louisiana has not done so. See *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed.2d 662 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"). Thus, plaintiff's claims against the state of Louisiana also subject to dismissal.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's petition for writ of *habeas corpus* be **DENIED** and **DISMISSED** pursuant to the provisions of 28 U.S.C. §2254(b)(1)(A) because plaintiff failed to exhaust available state court remedies prior to filing suit.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** pursuant to the provisions of 28 U.S.C. § 1915A(b)(2) because plaintiff's complaint seeks monetary relief from defendants who are immune from suit.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 17th day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE